BERTHA C. REUTER, APPELLANT, V. JOSEPH P. REUTER ET AL., APPELLEES.

FILED FEBRUARY 13, 1928. No. 25297.

*Dort & Witte,* for appellant.

*A. E. Henry, contra.*

Heard before GOSS, C. J., ROSE, DEAN, DAY, GOOD, THOMPSON and EBERLY, JJ.

ROSE, J.

This is a suit in equity for the construction of a deed to 120 acres of land in Pawnee county and to quiet in plaintiff the fee simple title thereto. The following excerpt from the deed contains the provisions in controversy:

"Know All Men By These Presents:

"That I, Frank J. Wenzl, a widower, of the County of Pawnee and State of Nebraska for and in consideration of the sum of one dollar and other good and valuable consideration in hand paid, do hereby grant, bargain, sell, convey and confirm unto Bertha C. Reuter, my daughter, of the County of Pawnee and State of Nebraska, the following described real estate, situated in Pawnee County, and State of Nebraska, to wit: * * * This conveyance is made subject to the following express conditions: That the said Bertha C. Reuter, grantee herein, shall not convey nor incumber the said premises during the term of my natural life; that the said Bertha C. Reuter shall pay to me the sum of seventy-five dollars on the thirty-first day of December each year during the term of my natural life, and the said annuity shall be and remain a charge and lien upon the said real estate until the same is fully paid; that upon the death of the said Bertha C. Reuter the said land shall descend to, and the title thereto shall vest in, her children and their descendants as, by right of representation."

The suit was defended by Arthur Reuter, minor son of a deceased daughter of grantor. The minor was represented by A. E. Henry, guardian *ad litem,* who interposed

the defense that plaintiff acquired from her father under her deed a life estate only. The district court sustained the defense and dismissed the suit. Plaintiff appealed.

The appeal is controlled by the opinion in the companion case of *Reuter v. Reuter, ante,* p. 428, and for reasons stated therein plaintiff acquired under her deed a life estate only and consequently is not entitled to equitable relief.

AFFIRMED.